```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RODNEY WIGGINS,

                        Plaintiff,
                                              MEMORANDUM & ORDER
            -against-                         13-CV-0569(JS)(WDW)

SUFFOLK COUNTY CORRECTIONAL
FACILITY, SHERIFF VINCENT
DEMARCO, NANCY W. R.N. #252,
ANDREW LETO #850, DANIELLE
BROUARD #1240, AND THE SUFFOLK
COUNTY CORRECTIONAL FACILITY
MEDICAL UNIT,

                        Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Rodney Wiggins, pro se
                    602020
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No appearance
```

SEYBERT, District Judge:

On January 28, 2013, incarcerated pro se plaintiff Rodney Wiggins ("Plaintiff") filed a pro se Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Suffolk County Correctional Facility ("SCCF" or "the Jail"), Christopher Garzabas #170 ("Garzabas"), Kenny #1150 ("Kenny"), Newman #1115 ("Newman") Kettenbeil #830 ("Kettenbeil"), Sheriff Vincent F. DeMarco ("Sheriff DeMarco") and a "John Doe" (collectively, "Defendants") along with an incomplete application to proceed in forma pauperis (Docket Entry #2). Accordingly, on January 31, 2013, the Court sent Plaintiff a Notice of Deficiency that advised

Plaintiff that he must either pay the $350.00 filing fee or complete and return the enclosed in forma pauperis application if he wanted to proceed with his case.

On February 6, 2013, Plaintiff filed an application to proceed in forma pauperis. While that application was pending, on February 28, 2013, Plaintiff filed an Amended Complaint purporting to allege claims only against the SCCF, Sheriff DeMarco, the SCCF Medical Unit, R.N. Nancy W, #252 ("R.N. Nancy W."), Andrew Leto, #850 ("C.O. Leto"), and Danielle Brouard, # 1240 ("C.O. Brouard"). Upon review of the declaration in support of the application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the $350.00 filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Amended Complaint is sua sponte dismissed in part.

BACKGROUND

Plaintiff's brief, handwritten Amended Complaint submitted on the Court's Section 1983 amended complaint form is difficult to comprehend. As the Court can best discern, Plaintiff alleges that, on February 7, 2012, he was having chest pains and had a swollen, infected finger. Compl. at ¶ IV. He was allegedly "sent down by the sgt. that was on to medical" where Plaintiff was seen by Defendant R.N. Nancy W. Id. Plaintiff claims that R.N.

2

Nancy W is a "rude, nasty disrespectful lady" and alleges that she did "nothing" to treat his medical condition. Plaintiff claims that R.N. Nancy W. did not take his blood pressure or perform any of the "proper procedures." Id. Plaintiff describes that he asked her for her name so he could fill out a grievance against her at which time Plaintiff was allegedly grabbed by C.O.s Brouard and Leto who are alleged to have assaulted Plaintiff. Compl. at ¶¶ IV, V. According to the Amended Complaint, these C.O.s smashed Plaintiff's head into the wall while Plaintiff was fully restrained and then threw Plaintiff on the floor and stomped, kicked, and punched Plaintiff. Id. Plaintiff further alleges that he was choked with a strap and juice was poured over his head. Id.

As a result, Plaintiff claims that his neck hurts and that he has shortness of breath. Compl. at ¶ IV.A. Plaintiff also claims that his head, back, and legs hurt and that he did not get medical treatment for his injuries. Id. Plaintiff seeks to recover compensatory and punitive damages in the total sum of five million dollars ($5,000,000.00).

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1).

3

Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u>

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 123 (2d Cir. 2010) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must

5

allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A. Defendant DeMarco

Although Plaintiff names DeMarco as a Defendant, there are no factual allegations concerning him nor is he even mentioned in the body of the Complaint. Given that DeMarco is the Suffolk County Sheriff, it appears Plaintiff seeks to hold this Defendant liable solely because of the supervisory position he holds. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional

violation.  See supra at 5-6.  Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation.  Rivera v. Fischer, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).  A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983.  Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendant DeMarco much less any facts from which the Court could liberally construe the deprivation of Plaintiff's constitutional rights by Defendant DeMarco.  Accordingly, the Section 1983 claim asserted against DeMarco is not plausible and is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

B.  Claim Against the SCCF and SCCF Medical Unit

Though Plaintiff names the SCCF and the SCCF Medical Unit as defendants, they do not have independent legal identities apart

from Suffolk County and, thus, lack the legal capacity to be sued. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also In re Dayton, 786 F. Supp. 2d 809, 818 (S.D.N.Y. 2011); Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011).

Here, because the SCCF and the SCCF Medical Unit are administrative arms of Suffolk County, without independent legal identities, they lack the capacity to be sued. Accordingly, Plaintiff's Section 1983 claims against the SCCF and the SCCF Medical Unit are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. However, given Plaintiff's pro se status, the Court next considers whether Plaintiff has alleged a plausible claim against the County of Suffolk.

C. Claim Against the County of Suffolk

It is well-established that a municipality such Suffolk County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the

alleged constitutional injury." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights, see Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir.

9

2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," Cash, 654 F.3d at 334 (quotations and citations omitted); see also Okin v. Village of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (holding that a municipal custom may be found when "faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions." (quotations and citations omitted), i.e., "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights . . . amount[ing] to deliberate indifference to the rights of persons with whom the untrained employees come into contact," Connick, 131 S. Ct. at 1359 (quotations, alterations and citations omitted), or a policymaking official's failure to investigate or rectify a potentially serious problem of unconstitutional conduct of which he or she had notice, evidencing deliberate indifference, "rather than mere negligence or bureaucratic inaction," Amnesty America, 361 F.3d at 128.

Here, wholly absent from the Complaint are any allegations that, given a liberal construction, would support a plausible Section 1983 cause of action against Suffolk County.

B. Defendants R.N. Nancy W and COs Brouard and Leto

Affording the pro se Complaint a liberal construction, Plaintiff's Section 1983 claims against these individual Defendants shall proceed. Though thin, the Court declines to sua sponte dismiss these claims at this early stage in the proceeding. See McEachin, 357 F.3d at 200 ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted).

Accordingly, the Clerk of the Court is directed to forward copies of the summonses, the Amended Complaint and this Order to the United States Marshals Service for service upon Defendants R.N. Nancy W., and COs Brouard and Leto without prepayment of fees forthwith.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, but the Complaint is sua

11

sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2) as against the SCCF and the SCCF Medical Unit with prejudice and as against Defendant DeMarco without prejudice. Plaintiff's claims against R.N. Nancy W., and COs Brouard and Leto shall proceed and the Clerk of the Court is directed to forward copies of the Summons, the Amended Complaint, and this Order to the United States Marshals Service for service upon these Defendants.

The Clerk of the Court is directed to TERMINATE the pending motion at Docket Entry #2 as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: May   1  , 2013
       Central Islip, New York